UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02224-KK-SPx** | Date: | September 8, 2026 |
| Title: | ***Christopher Townsend v. United States of America, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order (1) GRANTING Stipulation to Dismiss [Dkt. 53]; and (2) ORDERING Plaintiff to Show Cause Regarding Supplemental Jurisdiction**

On December 5, 2025, plaintiff Christopher Townsend ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants United States of America, Valley Radiology Consultants Medical Group, Inc. ("VRC"), and Dr. Farshad Bahador (collectively, "Defendants"), raising the following claims:

**Cause of Action One:** Medical Negligence, against Defendants; and

**Cause of Action Two:** Negligent Supervision, Training, and Systemic Negligence, against defendant VRC.

ECF Docket No. ("Dkt.") 32, FAC ¶¶ 27-43. Plaintiff asserted his medical negligence claim against defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"). Id. ¶ 2.

On August 11, 2026, the parties filed a joint stipulation for a good faith settlement between Plaintiff and defendant United States of America. Dkt. 48.

On August 31, 2026, the Court granted the stipulation for a good faith settlement. Dkt. 52. On the same day, Plaintiff and defendant United States of America filed a stipulation for dismissal of defendant United States of America from this action with prejudice. Dkt. 53.

On September 3, 2026, the Court issued an Order providing the other parties an opportunity to object to the dismissal of defendant United States of America. Dkt. 54. The next day, defendants

VRC and Bahador filed a notice of non-objection to the dismissal of defendant United States of America from this action. Dkt. 59.

Considering defendants VRC and Bahador's non-objection to the dismissal of defendant United States of America from this action and finding good cause, Plaintiff and defendant United States of America's stipulation to dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** as to defendant United States of America. Further, pursuant to the stipulation to dismiss, Plaintiff and defendant United States of America shall bear their own costs, fees, and expenses.

In light of the dismissal of defendant United States of America from this action, however, there are no remaining federal claims over which the Court has original jurisdiction. Rather, the only remaining claims arise under state law, over which this Court has only supplemental jurisdiction. See FAC ¶¶ 14, 27-43; 28 U.S.C. § 1367(c)(3). In general, "[w]hen federal claims are dismissed before trial[,] pend[e]nt state claims also should be dismissed." Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992) (citation modified) (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of . . . judicial economy, convenience, fairness, and comity . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing no later than seven (7) days from the date of this Order why the Court should exercise supplemental jurisdiction over the state law claims asserted in the FAC. See 28 U.S.C. § 1367(c). **Plaintiff is expressly warned failure to timely or adequately respond to this Order may, without further warning, result in this action being dismissed without prejudice for failure to prosecute and comply with court orders, see Fed. R. Civ. P. 41(b), or the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims and the dismissal of such claims, see 28 U.S.C. § 1367(c).**

**IT IS SO ORDERED.**